UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CYNTHIA REYNOLDS, ) | CASE NO. 5:05 CV 1537 |
| ) | |
| Plaintiff, ) | JUDGE JAMES S. GWIN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| MAYUR PATEL, MANAGER, ) | |
| ) | |
| Defendant. ) | |

On June 3, 2005, plaintiff pro se Cynthia Reynolds filed the above-captioned case against her former employer Manager Mayur Patel at the Days Inn in Canton, Ohio. Ms. Reynolds asserts that Mr. Patel violated her Constitutional, Human and Civil rights pursuant to 42 U.S.C. § 1981, 1983, 1922 and 2000e et seq., as established under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments. For the reasons stated below, this action is partially dismissed pursuant to 28 U.S.C. § 1915(e).

*Background*

Ms. Reynolds worked as a Front Desk Clerk at the Days Inn "for quite a period of time" before the hotel chain was purchased by Mr. Patel on an undisclosed date. She alleges that after Mr. Patel took over management of the hotel, she and other African American employees were treated poorly by him because of their race. She alleges that Mr. Patel stopped withholding federal taxes from her paycheck, stopped providing paid holidays, raises, or vacation leave. She alleges that her work hours were reduced without any explanation. When a Caucasian woman complained about the reduced

salary, she was fired, but later rehired at a lower wage. Ms. Reynolds claims that she and other African American employees were not even provided the option of being rehired.[1] She added that the racial hostility created by Mr. Patel made it an intolerable place to work for her as an African American. She seeks $15,000 in damages.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, Ms. Reynolds claims under 42 U.S.C. §§ 1922 & 1983 are dismissed pursuant to section 1915(e).

*42 U.S.C. § § 1922 &1983*

Ms. Reynolds has failed to state a claim under either 42 U.S.C. § 1922 or §1983. Both lack an arguable basis in law. As a threshold matter, the court believes Ms. Reynolds inadvertently cited § 1922 with regard to her claims of humiliation and mental anguish. The relevant statute simply

---

[1] It is not clear whether Ms. Reynolds was constructively discharged or fired from her position.

[2] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

states:

> The Department of Justice shall also honor by an appropriate medal such American boy or girl citizens, eighteen years old or under, who, in the opinion of the said Department of Justice, shall have achieved outstanding or unusual recognition for character and service during any given year.

42 U.S.C. §1922 (2005). This is clearly not relevant to the injury she claims she suffered.

To prevail in a civil rights action under 42 U.S.C. § 1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the constitution and law of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). "It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State." West v. Atkins, 487 U.S. 42, 49 (1988)(citing Monroe v. Pape, 365 U.S. 167, 172 (1961)). Thus, "before a defendant may be held liable under section 1983, that defendant must first possess power by virtue of state law, then misuse that power in a way that violates federal constitutional rights." Christian v. Belcher, 888 F.2d 410, 414 (6th Cir.1989).

There is no allegation that Mr. Patel is a state actor, or that he acted on behalf of the state. A private party's actions can only constitute state action under § 1983 where the private entity's actions may be "fairly attributable to the state." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937(1982). Without such an association, private actions, no matter how egregious, cannot violate the equal protection guarantee of the United States Constitution. See Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 172 (1972)("[P]rivate conduct, 'however discriminatory or wrongful,' against which that

[equal protection] clause 'erects no shield.'"(citation omitted); Black v. Barberton Citizens Hosp.134 F.3d 1265, 1267 (6th Cir. 1998)(the Equal Protection Clause prohibits only discrimination by the State, not by a private actor).[3]

Based on the foregoing, Ms. Reynolds's constitutional claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1922 are dismissed. The court certifies that an appeal from this dismissal could not be taken in good faith.[4] **Her claims based on violations of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, however, shall proceed against Mayur Patel.** The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process. The Clerk's Office shall include a copy of this order in the documents to be served upon the defendant.

IT IS SO ORDERED.

Dated: August 19, 2005                    s/    James S. Gwin
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[3]   It is well settled that it is not sufficient to sustain jurisdiction when a pleading merely asserts that the conduct complained of violates constitutional rights. The pleading must set forth facts from which the court can see that such rights have been violated. There must be a 'federal question, not in mere form, but in substance, and not in mere assertion, but in essence and effect.' Cuyahoga River Power Co. v. Northern Ohio T. & L. Co., 252 U.S. 388, 397(1920). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). Therefore, notwithstanding Ms. Reynolds's failure to identify any state action, she has not stated any cognizable claim under the First, Fourth, Fifth, Sixth, Eighth, or Ninth Amendments.

[2]   28 U.S.C. § 1915(a) (3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."